**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| 1348671 B.C. LTD., | ) | |
| | ) | |
| Plaintiff, | ) | No. 1:24-cv-09479 |
| | ) | |
| v. | ) | Judge John J. Tharp, Jr. |
| | ) | |
| THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATES IDENTIFIED ON SCHEDULE A, | ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

## ORDER

For the reasons set forth in the Statement below, the plaintiff's motion for a temporary restraining order [12] is denied without prejudice. The plaintiff may file a renewed motion, along with the documents specified in the Statement, by 12/6/24. If the plaintiff fails to do so by that date, this document will be unsealed.

## STATEMENT

The plaintiff seeks an *ex parte* temporary restraining order (TRO) preventing the 59 defendants identified in the sealed Schedule A, ECF No. 5-1, from marketing products that allegedly infringe U.S. Patent Nos. 10,866,027 (the '027 patent) and 11,572,655 (the '655 patent). Because the plaintiff's motion (1) does not provide enough information to evaluate likelihood of success on the merits, (2) does not adequately explain the propriety of an asset restraint, and (3) omits information the Court needs to assess whether a TRO is appropriate, the Court denies the motion without prejudice.

### I. Likelihood of Success on the Merits

A party seeking a TRO must establish "that [it] is likely to succeed on the merits." *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) (one of four factors); *Cassell v. Snyders*, 458 F. Supp. 3d 981, 990 (N.D. Ill. 2020), *aff'd*, 990 F.3d 539 (7th Cir. 2021). To meet this burden in a patent case, a patentee must show that (1) it will likely prove infringement of the asserted claims, and (2) its infringement claim will likely withstand validity and enforceability challenges. *Sciele Pharma, Inc. v. Lupin Ltd.*, 684 F.3d 1253, 1259 (Fed. Cir. 2012).

The first prong is most relevant here. To show that it will likely prove infringement, "a patentee must supply sufficient evidence to [conclude] that [each] accused product . . . meets every

element or limitation" of the relevant claim or claims. *See Rohm & Haas Co. v. Brotech Corp.*, 127 F.3d 1089, 1092 (Fed. Cir. 1997). That is so because "infringement is assessed by comparing the accused [product] to the claims, and the accused [product] infringes [only] if it incorporates every limitation of a claim, either literally or under the doctrine of equivalents." *Nazomi Commc'ns, Inc. v. Arm Holdings, PLC*, 403 F.3d 1364, 1372 (Fed. Cir. 2005); *see also Lemelson v. United States*, 752 F.2d 1538, 1551 (Fed. Cir. 1985) ("It is . . . well settled that each element of a claim is material and essential, and that in order for a court to find infringement, the plaintiff must show the presence of every element . . . in the accused device.").

In support of its motion, the plaintiff has filed nearly 200 screenshots of the defendants' online-marketplace webpages. ECF No. 5-3. It has also filed an "exemplary claim chart . . . show[ing] an example of [four] of the [allegedly infringing products] meeting all of the claim elements of Claim 1" of the '655 patent.[1] ECF No. 13 at 7. Together, the plaintiff claims, these documents "provide[] evidence sufficient to show that [all of] the Defendants' Unauthorized Products infringe Plaintiff's Patents." *Id.*

Not so. The Court cannot determine, from the screenshots and the example claim chart alone, that *each* relevant product contains all of the attributes required to infringe the '027 patent and/or the '655 patent. Neither the volume of defendants joined together here nor the absence of adversarial presentation in this *ex parte* proceeding can excuse the plaintiff from meeting its burden as to each defendant as if it were the only one in the case. This is not like a trademark or copyright online-counterfeiting suit, where a defendant's online-marketplace infringement can be readily ascertained by examining the screenshot of a webpage. The Court would never grant preliminary injunctive relief in a single-defendant patent case without a rigorous comparison between the accused product(s) and the asserted claim(s), so it should go without saying that the Court will not do so against 59—or at least 55—defendants.

In sum, the plaintiff cannot rely on screenshots and an example claim chart to enjoin all of the defendants in Schedule A. Rather, the plaintiff must conduct (and file) a product-by-product analysis that (1) identifies each claim of the '027 patent and/or the '655 patent that is allegedly infringed by each product of each opposing party, and (2) demonstrates how each accused product incorporates every limitation of the claim(s) it allegedly infringes. If multiple parties are selling exactly identical products, the product-by-product analysis must so clarify.

## II. Asset Restraint

"[A] district court may not issue an injunction freezing assets in an action for money damages where no equitable interest is claimed." *CSC Holdings, Inc. v. Redisi*, 309 F.3d 988, 996 (7th Cir. 2002). "An asset freeze is appropriate," however, "in cases where equitable relief—such as an accounting [of] profits—is sought." *ABC Prods. v. Schedule A*, No. 23-cv-04131, 2024 WL 1549784, at *6 (N.D. Ill. Jan. 9, 2024). The plaintiff argues that an asset freeze is appropriate because it is seeking equitable relief. The Court is not entirely convinced.

---

[1] Although the plaintiff's motion uses "Claim 1 of [the] Plaintiff's Patents," presumably referencing both the '027 patent and the '655 patent, ECF No. 13 at 7, the claim chart does not examine how the products at issue infringe the '027 patent.

According to the plaintiff, the Court has the power to issue an asset freeze because the complaint seeks "an equitable accounting of Defendants' profits from Unauthorized Product sales." ECF No. 13 at 15-16. But utility patent infringement under 35 U.S.C. § 284 "does not provide for the equitable relief of accounting [of] profits." *ABC Prods.*, 2024 WL 1549784, at *6. And to the extent accounting of profits is available as a remedy for unfair competition generally, *see* 15 U.S.C. §§ 1117(a), 1125(a)(1), it is not clear that unfair competition claims based solely on acts of patent infringement are cognizable. *See, e.g.*, *Mars Inc. v. Kabushiki-Kaisha Nippon Conlux*, 24 F.3d 1368, 1373 (Fed. Cir. 1994) ("[I]nfringement of patent rights, domestic or foreign, is not generally recognized as coming within the rubric of 'unfair competition.'"); *CPG Prod. Corp. v. Pegasus Luggage, Inc.*, 776 F.2d 1007, 1013 (Fed. Cir. 1985) ("Patent infringement is not the [type of] unfair competition envisaged in [Lanham Act] § 43(a) . . . ."). As a result, the Court is not sure whether the complaint seeks (or is capable of seeking) an accounting of profits.

True, accounting of profits is just one form of equitable relief. And true, the complaint may be seeking other forms of equitable relief. But it is not clear from the plaintiff's motion what type of equitable relief, beyond accounting of profits, justifies an asset restraint.[2] Take, for example, the plaintiff's unjust enrichment claim. This claim is certainly equitable, and it can thus provide equitable relief. *See, e.g.*, *Gociman v. Loyola Univ. of Chi.*, 41 F.4th 873, 886 (7th Cir. 2022). But federal law preempts unjust enrichment claims when they are sufficiently "patent-like," *see Univ. of Colo. Found., Inc. v. Am. Cyanamid Co.*, 342 F.3d 1298, 1306 (Fed. Cir. 2003), and that seems to be the case here, *see, e.g.*, *Emseal Joint Sys., Ltd. v. Schul Int'l Co.*, No. 14-cv-00358, 2018 WL 3733939, at *3 (D.N.H. Aug. 6, 2018) ("Because plaintiff's unjust enrichment claim directly relates to its rights under federal patent law, and seeks to enforce such rights under a common law guise, the unjust enrichment claim is preempted."). The plaintiff's motion does not argue otherwise.

The motion thus leaves uncertainty as to whether an asset restraint—based on accounting of profits or some other form of relief—is justified. In its renewed motion, the plaintiff should specify (1) the claim or claims, and (2) the case law on which it bases its request for an asset freeze. If the plaintiff continues to believe an asset freeze based on (1) its unfair competition claim, and (2) accounting of profits is appropriate, it should explain why its unfair competition claim is cognizable and entitles it to an equitable remedy.

### III. Additional Information

The Court requires additional information, necessary to evaluate the propriety of a Schedule A TRO, before it will consider granting the plaintiff's renewed motion. Alongside its renewed motion for a TRO, the plaintiff must file a supplement or supplements containing:

(1) a listing of all prior online trademark, copyright, or patent infringement cases (that is, Schedule A cases) filed in any court in the United States in which the plaintiff here was a plaintiff,

---

[2] It may be that the plaintiff is seeking equitable relief pursuant to 35 U.S.C. § 285, for example, but the TRO motion does not make this clear. *See AIA Am., Inc. v. Avid Radiopharmaceuticals*, 866 F.3d 1369, 1373 (Fed. Cir. 2017).

(2) a listing of any of the defendants included in the Schedule A in this case that the plaintiff has previously named as a defendant in any prior complaint or Schedule A case,

(3) a certification that the plaintiff has not used any of the screenshot evidence supplied in support or its motion in any prior proceeding, and

(4) an index that matches each defendant to the screenshots supplied in support of the motion, lists the dates those screenshots were taken, and identifies, on a defendant-by-defendant basis, the specific patent(s) each defendant has allegedly infringed.

The plaintiff may file a renewed motion by 12/6/24. If the plaintiff fails to file a renewed motion by that date, this document will be unsealed.

Date: November 6, 2024

John J. Tharp, Jr.
United States District Judge